IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM EARL SHEARRIN, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:11CV138–HEH
)
HAMPTON ROADS REGIONAL JAIL, )
)
    Respondent. )

## MEMORANDUM OPINION
(Granting Motion to Dismiss 28 U.S.C. § 2254 Petition)

Petitioner William Earl Shearrin ("Shearrin"), a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the evidence presented against him was insufficient to support his convictions. Respondent has moved to dismiss Shearrin's petition for lack of merit. For the reasons stated below, Respondent's Motion to Dismiss will be granted.

### I. PROCEDURAL HISTORY

#### A. State Proceedings

Following a bench trial in the Circuit Court for the City of Newport News ("the Circuit Court"), Shearrin was convicted of two counts of felony rape and given an active sentence of forty (40) years imprisonment. Shearrin appealed his convictions to the Court of Appeals of Virginia and the Supreme Court of Virginia. On appeal, Shearrin argued to both courts that the evidence was insufficient. Specifically, Shearrin asserted that the victim's testimony was incredible in light of the testimony of a Sexual Assault Nurse

Examiner ("SANE nurse") who had found the victim's hymen intact nine days after the alleged rape. Both the Court of Appeals of Virginia and the Supreme Court of Virginia denied Shearrin's appeal.[1]

## B. Federal Proceedings

On March 1, 2011, Shearrin filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") in this Court. In his § 2254 Petition, Shearrin raised three grounds for relief:

Claim One: That there was insufficient evidence to support a conviction due to the incredibility of the victim;

Claim Two: That the Commonwealth failed to carry its burden of proof beyond a reasonable doubt; and,

Claim Three: That the Commonwealth failed to prove sufficient penetration to support a conviction for rape.

The Court concludes that the three claims stated in Shearrin's § 2254 Petition are most properly addressed as one all-encompassing claim, to wit: insufficiency of the evidence.[2]

## II. ANALYSIS

In evaluating a § 2254 claim of insufficient evidence, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

---

[1] In denying Shearrin's appeal, the Court of Appeals of Virginia stated that "[t]he victim's testimony was competent and was not inherently incredible." *Shearrin v. Commonwealth*, No. 1715-09-1, at 1 (Va. Ct. App. Jan. 26, 2010). The Court of Appeals concluded that the testimony of the SANE nurse was consistent with the victim's testimony. *Id.*

[2] Respondent asserts that, to the extent that the Court finds Claims Two and Three to be distinct from Claim One, Claims Two and Three have yet to be exhausted. Shearrin asserts in his § 2254 Petition that he raised Claims One through Three in his direct appeal. (§ 2254 Pet. 6–9.) Further, Shearrin has attached the argument section of his petition for appeal to the Supreme Court of Virginia to the § 2254 Petition as support for his claims. Thus, the Court concludes that the three claims are not distinct and have all been fully exhausted.

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Further, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326.

Here, Shearrin challenges his convictions for rape. Rape is defined by statute in Virginia to include two elements. Va. Code Ann. § 18.2-61(A) (West 2011).[3] As pertinent here, the prosecution had the burden to prove that Shearrin had sexual intercourse with the victim and that the victim was under the age of thirteen. § 18.2-61(A)(iii). Shearrin does not dispute that the victim was under the age of thirteen.[4] He does dispute, however, that Respondent carried the burden of proving beyond a reasonable doubt that he penetrated the victim's vagina with his penis to the extent necessary to constitute sexual intercourse. (§ 2254 Pet. Attach. 15–17.) As explained below, the evidence at trial amply supports the element of penetration.

Shearrin was charged with two counts of rape of his girlfriend's seven-year old daughter (hereinafter "the victim") in September of 2006. Shearrin was then living with the victim's mother. At trial, the victim testified that, on September 5, 2006, her first day of school, Shearrin had "come in me and my sister's room and put his private part in

---

[3] The statute provides, in relevant part: "If any person has sexual intercourse with ... a child under the age of 13 as the victim, he or she shall be guilty of rape." Va. Code Ann. § 18.2-61(A) (West 2011).

[4] At trial, Shearrin's counsel stated, "[S]he's under the age of 13 for rape and I'll submit [that the Commonwealth has] covered the burden on that part of it ...." (Trial Tr. 88.) This statement was reproduced verbatim in an attachment to Shearrin's § 2254 Petition. (§ 2254 Pet. Attach. 15.)

3

mine." (Trial Tr. 17.) The victim testified that Shearrin "would pull his black boxers down and he would either pull up my nightgown or either pull my nightclothes down and he would pull down my underwear." (Trial Tr. 21.) The victim, using anatomically correct dolls, demonstrated the rape by placing the male doll's penis in the female doll's vagina. (Trial Tr. 18.) The victim further testified that this happened on more than one occasion. (Trial Tr. 34–35.)

Shearrin argues in his § 2254 Petition that the victim's testimony is contradicted by that of the SANE nurse who examined the victim nine days after the last alleged incident. (§ 2254 Pet. Attach. 13.) Shearrin relies mainly on the SANE nurse's testimony that her examination of the victim revealed an intact hymen to demonstrate the inherent incredibility of the victim's testimony. (Trial Tr. 82; § 2254 Pet. 14.) However, as noted by the Circuit Court, the nurse also testified that she found "an awful lot of redness" around the victim's vagina and that an intact hymen was not necessarily indicative of a lack of sexual activity. (Trial Tr. 81–82, 109–110.)

Virginia requires proof of penetration to sustain a conviction for rape. *Elam v. Commonwealth*, 326 S.E.2d 685, 686 (Va. 1985) ("Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the entry may be, is sufficient . . . ."). Proof of penetration, or any other element of rape, may consist solely of testimony from the victim unless that testimony is inherently incredible or so contrary to human experience as to render it unbelievable. *Snyder v. Commonwealth*, 263 S.E.2d 55, 57–58 (Va. 1980). In finding Shearrin guilty of rape, the Circuit Court stated that it had considered both the witnesses' testimony and the SANE

4

nurse's testimony. The Circuit Court further stated, "[The victim] has been consistent and has not been impeached with regard to her account of what happened . . . . I didn't see any evidence that she was being untruthful or trying to remember something that maybe was suggested to her by someone else. . . . I think she was a credible witness and so the Commonwealth, I believe has met its burden." (Trial Tr. 109–10.)

The standard of review for § 2254 petitions set forth by the Supreme Court in *Jackson* is designed to give sufficient deference to the trier of fact, which here is the Circuit Court. 443 U.S. at 319. It is the trier of fact who witnesses testimony and resolves conflicts of credibility. *Id.* A federal habeas corpus court must presume, even in the absence of evidence in the record, that the trier of fact resolved conflicting factual inferences in favor of the prosecution. *Id.* at 326. Here, the Circuit Court specifically stated on the record that it considered the testimony of all of the witnesses and found the victim's testimony to be both credible and not in direct conflict with the testimony of any other witness, including the SANE nurse. (Trial Tr. 109–10.) Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution," a rational trier of fact could have found all elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 307. Accordingly, Shearrin's claims will be dismissed.

### III. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss will be granted; Shearrin's claims will be dismissed; the petition for writ of habeas corpus will be denied; and this action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Shearrin is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

                                                        /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Nov. 7, 2011
Richmond, Virginia